## COLUMBUS (City), Plaintiff-Appellee v. CROMWELL, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3681. Decided March 13, 1944.

Richard W. Gordon, Asst. City Attorney, Columbus, for plaintiff-appellee.

Russ Bothwell, Columbus, for defendant-appellant.

### OPINION

BY THE COURT:

We have examined the docket and journal entry presenting this case on appeal from the Municipal Court of the City of Columbus. We find various matters that in our judgment require us to dismiss the appeal and remand the case for further proceedings. Among them we might cite that the first entry states that the defendant **"entered a plea of guilty to the charge; thereupon the court sentenced the defendant"**, etc., and the cause was continued to August 17th. There does not appear in the record any withdrawal of this plea of guilty on which the court found her guilty, but it does appear that on August 12th the court heard the evidence of the arresting officer and signed a bill of exceptions.

Under date of August 12, an entry was filed finding in substance a plea of guilty and sentence was imposed of costs. But the bill of exceptions shows that the evidence was taken on August 12th. The only other entries are in substance the following: an undated entry, but apparently August 17th, the court overruled motion for new trial.

The motion for new trial is attached as an original paper and was filed in the Municipal Court on August 13th. Following overruling of motion for new trial there is no sentence. There is, however, a fixing of time for bill of exceptions by September 8, 1943. The third and last entry states in substance that the defendant being present in open court, the bill of exceptions was signed and allowed. It would be improper to pass sentence before passing on the motion for new trial and there is nothing in the transcript showing sentence after the overruling of the motion for new trial. On the last page of the bill of exceptions we find the following:

"THE COURT: All right. Stand up, Mrs. Cromwell. The court fines you costs.

"MR. BOTHWELL: Motion for new trial, Your Honor.

"THE COURT: Motion for new trial—Tuesday morning."

August 12th, when the case was heard, was Thursday. Tuesday following would be August 17th.

The recital in the bill of exceptions can in no sense be accepted as a judgment entry. It could be no more than an oral recital of the intended action of the court. It could be the predicate for a judgment entry. The trial court did not find the defendant guilty, preliminary to oral sentence.

There is no final entry presented in this record and it further appears from the record that the defendant plead guilty upon her arraignment; then appears a record of the proceeding before the court, resulting in a final entry, after the motion for new trial was overruled. Of course, we do not understand why the motion for new trial was made when the record disclosed the fact that the defendant had plead guilty and had been fined at an earlier date. Whether the record in the court below may be correct is not for us to state, but we cannot consider the case on its merits until a proper record is presented for our consideration.

Appeal dismissed. Cause remanded.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.